UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY HILL and DIONNE L. HILL,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>FCA US LLC, a Delaware limited liability company, and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　Defendants. | Case No.: 17-cv-00581-AJB-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES (Doc. No. 82.)** |

Before the Court is Plaintiffs Jeremy Hill and Dionne Hill's ("Plaintiffs") motion for attorneys' fees, costs, and expenses. (Doc. No. 82.) Defendant FCA US LLC ("FCA") opposed the motion. (Doc. No. 86.) For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** the motion, with a reduction of fees as set forth below.

**I.    BACKGROUND**

This case arose out of the purchase of a new 2014 Chrysler Town & Country ("the Vehicle") for a total price of $38,633.00. The Vehicle was manufactured and distributed by Defendant FCA US LLC, which provided a written warranty with the Vehicle. Within the applicable warranty period, the Vehicle exhibited issues relating to transmission function, engine no-starts, electrical issues, recalls, and other defects. Plaintiffs first presented the Vehicle to an FCA-authorized repair facility at 5,338 miles when the sliding

1

doors would not open. Thereafter, Plaintiffs returned to FCA's repair facility on seven separate occasions for various other issues. Plaintiffs filed their Complaint in this action in San Diego Superior Court on September 12, 2016, alleging violations of the Song-Beverly Act and fraudulent concealment. The action was removed to this Court on March 23, 2017. On July 17, 2019, FCA filed a notice of settlement. (Doc. No. 76.) Plaintiffs filed their motion for attorneys' fees, costs, and expenses, and FCA opposed the motion. (Doc. Nos. 82, 86.) This order follows.

## II. LEGAL STANDARD

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also Mangold v. Cal. Public Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (noting that in a diversity action, the Ninth Circuit "applied state law in determining not only the right to fees, but also in the method of calculating the fees").

As explained by the Supreme Court, "[u]nder the American Rule, 'the prevailing litigant ordinarily is not entitled to collect a reasonable attorneys' fee from the loser.'" *Travelers Casualty & Surety Co. of Am. v. Pacific Gas & Electric Co.*, 549 U.S. 443, 448 (2007) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, a statute allocating fees to a prevailing party can overcome this general rule. *Id.* (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)). Under California's Song-Beverly Act, a prevailing buyer is entitled "to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 794(d).

The Song-Beverly Act "requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended, and the monetary charge being made for the time

expended are reasonable." *Nightingale v. Hyundai Motor America*, 31 Cal. App. 4th 99, 104 (1994). The court may consider "factors such as the complexity of the case and procedural demands, the skill exhibited, and the results achieved." *Id.* If the court finds the time expended or fee request "is not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount." *Id.* "A prevailing buyer has the burden of showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" *Id.* (quoting *Levy v. Toyota Motor Sales, U.S.A., Inc.*, 4 Cal. App. 4th 807, 816 (1992)); *see also Goglin v. BMW of North America*, LLC, 4 Cal. App. 5th 462, 470 (2016) (same). If a fee request is opposed, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Premier Med. Mgmt. Sys. v. Cal. Ins. Guarantee Assoc.*, 163 Cal. App. 4th 550, 564 (2008). Rather, the opposing party has the burden to demonstrate the hours spent are duplicative or excessive. *Id.* at 562, 564; *see also Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) ("[t]he party opposing the fee award can be expected to identify the particular charges it considers objectionable").

## III. DISCUSSION

As prevailing buyers, Plaintiffs are entitled to an award of fees and costs under the Song-Beverly Act. *See* Cal. Civ. Code § 1794(d); *see also Goglin*, 4 Cal. App. 5th at 470. Here, Plaintiffs seek: (1) for an award of attorneys' fees pursuant to Civil Code section 1794(d) under the "lodestar" method in the amount of $41,031.25, (2) for a "lodestar" modifier of 0.5 under California law, in the amount of $20,515.63, and (3) to award actual costs and expenses incurred in the amount of $10,556.54. (Doc. No. 82-1 at 7.) Plaintiffs request a total of $72,103.42 in attorney's fees, costs, and expenses. (*Id.*) FCA acknowledges, "Plaintiffs are entitled to recover attorney's fees, costs" but argues the amount requested is unreasonable and should be reduced. (Doc. No. 86 at 6.)

### A. Plaintiffs' Attorneys' Fee Request

First, Plaintiffs seek $21,387.50 for work completed by Knight Law Group and $19,643.75 for work completed by co-counsel, Hackler Daghighian Martino & Novak, P.C.

("HDMN"). (Doc. No. 82-1 at 13.) The Knight Law Group associated with HDMN as trial specialists. This totals $41,031.25 in attorneys' fees for both law firms.

### 1.     Hours Worked By Counsel

A fee applicant must provide time records documenting the tasks completed and the amount of time spent. *See Hensley v. Eckerhart*, 461 U.S. 424, 424 (1983); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). Under California law, a court "must carefully review attorney documentation of hours expended" to determine whether the time reported was reasonable. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (quoting *Serrano v. Priest*, 20 Cal.3d 25, 48 (1977)). Thus, evidence provided by the fee applicant "should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008). The court must exclude "duplicative or excessive" time from its fee award. *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 161 (2006); *see also Ketchum*, 24 Cal. 4th at 1132 (stating "inefficient or duplicative efforts [are] not subject to compensation").

The billing records submitted by the Knight Law Group indicate that the Knight Law Group attorneys expended 57.4 billable hours on this case while HDMN billed 68.5 hours to the case. (Doc. No. 82-2 at 34.) FCA objects to the reported hours, arguing there was duplication by HDMN, as well as other excessive rates or time billed. (Doc. No. 86 at 9–12.) FCA lists several examples where billing entries were either excessive, duplicative, or included clerical work: (1) $660.00 billed by counsel S. Mikhov of Knight Law Group to review numerous notices, orders, documents, and motions for which he had no other involvement, (2) $1,030.00 billed for what FCA claims are several instances of duplicative and inefficient billing because counsel billed twice for the same activity, (3) $606.25 billed by HDMN for clerical tasks, (4) $1,787.50 billed by HDMN for "anticipated" time, without any corresponding dates, for reviewing the opposition and drafting a reply brief for the instant motion, and (5) $2,750.00 billed by HDMN for "anticipated" time for traveling to and appearing for the hearing on instant fee motion. (Doc. No. 86 at 10–11.)

As to the first and second objections,[1] FCA does not explain how some of the billing entries for the same tasks at different times is necessarily duplicative or inefficient. For example, many of these entries showed that Plaintiffs' counsel billed merely between 6-12 minutes for each task—hardly an unreasonable amount of time. However, Plaintiffs do concede some inadvertent duplication errors in billing, which the Court will according deduct from their total recovery: (1) $37.50 billed by Knight Law Group for review of the Court Order Setting Telephonic Status Conference on June 21, 2018, (2) $110.00 billed by Knight Law Group for review and analysis of FCA's Rule 68 offer on July 12, 2019, and (3) $187.50 billed by HDMN for review of the case file on May 4, 2018.

With respect to the third objection, the Court agrees with FCA to the extent it argues clerical tasks cannot be recovered by HDMN. *See Castillo-Antionio v. Iqbal*, 2017 WL 1113300, at *7 (N.D. Cal. Mar. 24, 2017). Indeed, review of the fee record confirms that many of HDMN's billing entries seek compensation for purely clerical work. (*See* Declaration of Sepehr Daghighian, Doc. No. 82-3, Ex. A (reflecting entries for printing documents, calendaring, drafting proofs of service, and filing).) Plaintiffs point out that some of these "clerical" tasks such as extracting exhibits, require the expertise and knowledge of an attorney. (Doc. No. 90 at 6.) FCA seeks a total reduction of $606.25 for these unrecoverable clerical tasks. The Court, in its discretion, will accordingly reduce HDMN's fees by $500 instead.

As for the fourth objection, the Court agrees with FCA that HDMN's billing according to "anticipated time" is ambiguous and speculative. However, Plaintiffs have cured this deficiency by a supplemental declaration of their actual time spent working on

---

[1] FCA objects to the Declarations of Steve Mikhov and Sepehr Daghighian offered in support of Plaintiffs' motion. (Doc. No. 86-1.) However, Chambers Rules specifically states, "[o]bjections relating to the motion should be set forth in the parties opposition or reply. No separate statement of objections will be allowed." (*See* Honorable Anthony J. Battaglia U.S. District Judge Civil Case Procedures Rule II.A.) Because FCA's filed separate objections in violation of Chambers Rules, the Court will **STRIKE** these objections.

1  this motion, which is the exact amount of time "anticipated." (*See* Supplemental
2  Declaration of Sepehr Daghighian, Doc. No. 90-2, Ex. A.) The Court, in its discretion, will
3  reduce the amount billed to this instant motion, specifically for review of the opposition
4  brief, and drafting of the reply by $300. Also, HDMN may not recover "$2,750.00 for
5  'anticipated' time for traveling to and appearing for the hearing on instant fee motion." The
6  hearing on this motion for attorneys' fees was vacated by the Court in its determination
7  that the matter was suitable for determination on the papers. (Doc. No. 93.)

8       Finally, FCA takes issue with HDMN's practice of billing in quarterly hour
9  increments. (Doc. No. 86 at 11.) According to the Ninth Circuit, the "practice of billing by
10  the quarter-hour" may result in a request for excessive hours because counsel may bill "a
11  minimum of 15 minutes for numerous phone calls and emails that likely took a fraction of
12  the time." *Welsh v. Metro Life Ins. Co.*, 480 F.3d 942, 948–49 (9th Cir. 2007). FCA argues
13  that here, nearly every email/communication and review of any sort of notice is billed at
14  .25 or .5 such that there is a real risk of overbilling. Consequently, FCA advocates for a
15  20% reduction, in accordance with the Ninth Circuit's decision in *Welsh*. *See Welch*, 480
16  F.3d at 949 (9th Cir. 2007) (affirming a 20% reduction after finding the billing practice
17  inflated the time recorded); *Prudential Ins. Co. v. Am. v. Remington*, No. 2:12–cv–02821–
18  GEB–CMK, 2014 WL 294989, at *4 (E.D. Cal. Jan. 24, 2014) (also applying a 20%
19  reduction where counsel billed in 15 minute-increments). In response, Plaintiffs state that
20  the Court should only entertain a minimal 5% reduction because there is no evidence of
21  actual overbilling by Plaintiffs' counsel. (Doc. No. 90 at 7.) While not excessively
22  widespread, the Court does find that HDMN billed in increments of .25 for several items
23  such as reviewing a notice of hearing and email correspondence. Accordingly, in its
24  discretion, will adjust HDMN's fees downward by 15%.

25       In summation, the Knight Law Group's total recoverable fee amount is reduced by
26  $147.50 for duplicate entries. Thus, Knight Law Group's fees are reduced to a total of
27  $21,240.

28       HDMN's fees are reduced by $3,737.50 for (1) the $187.50 duplicative entry, (2)

$300 in the Court's discretion for HDMN's work on this instant motion, (3) $500 for clerical tasks, and (4) $2,750.00 for anticipated travel to the fee motion hearing as such hearing was vacated. This places HDMN's fees to a total of $15,906.25. Next, the Court will apply a 15% reduction ($2,385.93) to account for HDMN's quarterly hour billing practices. This brings HDMN's total fees to $13,520.32.

### 2. Hourly Rates

FCA next argues Plaintiffs fail to offer any admissible evidence to support the hourly rates of their counsel for lemon law work in the San Diego area. (Doc. No. 86 at 12.) According to FCA, all that is offered are the hearsay statements of Steve Mikhov about the rates supposedly charged by several other lawyers for allegedly doing the same lemon law work. (*Id.*) However, the Court is satisfied with the bases for Plaintiffs' counsels' hourly rates. Particularly, Plaintiffs provide ample evidence, including surveys of the hourly rates of similar attorneys with similar experience and qualifications. Thus, the Court finds the rates cited for all attorneys are supported by evidence and reasonable.

### 3. Lodestar Calculation

The lodestar method calculates attorneys' fees by "by multiplying the number of hours reasonably expended by counsel on the particular matter times a reasonable hourly rate." *State of Fla. v. Dunne*, 915 F.2d 542, 545 n.3 (9th Cir. 1990) (citing *Hensley*, 461 U.S. at 433); *see also Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 489 (2016).

| LAW FIRM | LEGAL PROFRESSIONAL | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| **Knight Law Group** | Alastair Hamblin | 3.2 | $325 | $1,040.00 |
| | Amy Morse | 14.5 | $350 | $5,075.00 |
| | Deepak Devabose | 10 | $275 | $2,750.00 |
| | Kristina Stephenson-Cheang | 10.10 | $375 | $3,750.00 |
| | Maite Colon | 1.5 | $225 | $412.50 |
| | Natalee Fisher | 4.1 | $250 | $1,025.00 |
| | Russell Higgins | 4.2 | $450 | $1,890.00 |
| | Steve Mikhov | 9.9 | $550 | $5,445.00 |
| **Knight Law Group Total** | | | | $21,387.50 |

| HDMN | Sepehr Daghighian | 10.25 | $550[2] | $4,662.50 |
|---|---|---|---|---|
| | Larry Castruita | 0.5 | $385[3] | $150 |
| | Asa Eaton | 1.75 | $225 | $393.75 |
| | Kevin Yaghoubzadeh | 3.25 | $75 | $243.75 |
| | Erik Schmitt | 36.75 | $275[4] | $9,862.50 |
| | Lauren C. Martin | 2.75 | $275[5] | $687.5 |
| | Kevin Jacobson | 13.25 | $275 | $3,643.75 |
| **HDMN Total** | | | | $19,643.75 |
| **TOTAL** | | | | **$41,031.25** |

Here, with no adjustments to the reasonable hourly rates, the total amount of fees for both Knight Law Group and HDMN is $41,031.25. Taking into account the aforementioned reductions, the total lodestar amount is $21,240 for Knight Law Group's fees and $13,520.32 for HDMN's fees. Therefore, Plaintiffs' counsels' total lodestar amounts are **$34,750.32**.

### 4. Application of a Multiplier

Once a court has calculated the lodestar, "it may increase or decrease that amount by applying a positive or negative 'multiplier' to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Laffitte,* 1 Cal. 5th at 504 (citation omitted); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (indicating the court may adjust the fee award considering "the following factors: (1) the novelty and difficulty

---

[2] Sepehr Daghighian's hourly rate between 2015 to 2017 was $400/hour for litigation services. On January 1, 2018, the hourly rate was increased to $490.00, and on January 1, 2019 to $550.00.
[3] Larry Castruita's hourly rate was $300/hour through December 31, 2017 and $350/hour after January 1, 2018. His hourly rate in this matter was then $350/hour through December 31, 2018 and $385/hour after January 1, 2019.
[4] Erik Schmitt's hours were $250/hour up through December 31, 2018 and $275/hour after January 1, 2019.
[5] Lauren C. Martin's hourly rate in this matter was $225/hour through Decemter 31, 2017 and $250/hour after January 1, 2018. As of January 1, 2019, her rate is $275.

of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award."

Here, Plaintiffs seek a 0.5 multiplier "based on the risk of taking this case on a contingent fee basis, the substantial costs advanced, the exceptional result achieved and the delay in payment." (Doc. No. 82-1 at 21.) Significantly, however, this case did not present particularly novel or difficult questions of law or fact. Indeed, the issues related to the TIPM were addressed in *Velasco, et al. v. Chrysler Group LLC*, Case No. 2:13–cv–08080–DDP–VBK and *Hall v. FCA US LLC*, Case No. 1:16-cv-0684-JLT. Thus, the issues presented in this action were not uniquely complex. *See Steel v. GMC,* 912 F. Supp. 724, 746 (N.J. Dist. 1995) ("the issues in lemon law litigation are not complex and do not require a significant amount of legal analysis or novel pleading"). Additionally, it is highly unlikely that the litigation of this specific case precluded counsel, as lemon law attorneys, from taking on other matters. Finally, the Court finds the contingent nature of the fee award is outweighed by the other factors, especially in this action where the disputed facts and issues to be resolved were minimal. Indeed, there was nothing unusual about this case that would put counsel at great risk for accepting the matter on a contingent basis. Accordingly, the Court declines to award a multiplier and finds the lodestar amount of $34,750.32 as reasonable.

B.     **Costs to be Awarded**

Plaintiffs request costs in the amount of $10,556.54 in this instant motion for attorneys' fees. (Doc. No. 82-2 at 36.) The Court does not see objections or any discussion of costs from FCA in its opposition brief. However, on October 4, 2019, Plaintiffs also separately filed a Bill of Costs to recover their costs. (Doc. No. 81.) The Court Clerk initially set a hearing and briefing schedule. (Doc. No. 83.) However, because the filing of the Bill of Costs was premature, the hearing and briefing schedule were vacated, and the Court Clerk stated, "[u]pon entry of judgment, party requesting costs is to refile Bill of Costs in compliance with L.R.54.1." (Doc. No. 85.) As such, to avoid confusion, the Court

will defer ruling on Plaintiffs' cost at this time. Plaintiffs are to refile their Bill of Costs after entry of judgment.

## IV. CONCLUSION

Based upon the foregoing, the Court **ORDERS** as follows:

1. Plaintiffs' motion for fees is **GRANTED IN PART AND DENIED IN PART** in the modified amount of **$34,750.32**; and

2. Plaintiffs must **REFILE** their Bill of Costs in accordance with Local Rule 54.1.

**IT IS SO ORDERED.**

Dated: July 30, 2020

Hon. Anthony J. Battaglia
United States District Judge